# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Submitted on Briefs October 6, 2000

## CLEAR FORK MINING COMPANY v. WILLIE MARLOW, ET AL.
## AND
## WILLIE MARLOW, ET AL. V. CARL KING, ET AL.

### Appeal from the Chancery Court for Campbell County
### Nos. 10,789 & 10,897     Billy Joe White, Chancellor

### FILED AUGUST 15, 2001

### No. E2000-01196-COA-R3-CV

In the case presently on appeal Willie Marlow, et al., seek a court determination that he is the owner of certain real estate located in Campbell County. The Trial Court, on motion of Jim King, found the parties had reached an agreement as to the controversy in accordance with his insistence. The Trial Court thereupon entered a judgment in favor of Mr. King. Mr. Marlow appeals contending enforcement of the agreement violates the Statute of Frauds and such a resolution was barred by the six-year Statute of Limitations. We affirm.

### Tenn.R.App.P. 3; Judgment of the Chancery Court Affirmed;
### Cause Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Timothy P. Webb, Jacksboro, Tennessee, for the Appellant Willie Marlow

W. Lee Asbury, Jacksboro, Tennessee, for the Appellee Jim King

### MEMORANDUM OPINION

Because the first of these two consolidated cases, Clearfork Mining Company v. Willie Marlow, et al., has been settled, our opinion will only address the second case, Willie Marlow, et al. v. Carl King, et al.

In the case we are called upon to determine, William Marlow and his wife, Marie Marlow, sued Carl King and his wife, Betsy Angeline King, and their son, Jimmy Carl King, also identified

in the record as Jim King, seeking a determination that the Marlows were the owners of certain property conveyed by the parents to the son.

The Chancery Court for Campbell County sustained a motion by Jim King to enforce an oral settlement relative to the suit filed by the Marlows which sought a determination that they were the owners of a tract of real estate in Campbell County.

The Marlows raise the following two issues on appeal:

I.      WHETHER AN ORAL AGREEMENT TO CONVEY REALTY IS ENFORCEABLE.

II.     ASSUMING AN AGREEMENT TO CONVEY REALTY EXISTS, THE AGREEMENT IS UNENFORCEABLE AFTER THE EXPIRATION OF SIX (6) YEARS, THE APPLICABLE STATUTE OF LIMITATION.

As to the first issue, we do not believe the proceedings to enforce a settlement agreement, whether oral or written, is covered by the Statute of Frauds, which speaks of the sale of lands:

**29-2-101.  Writing required for action.**

. . . .

(4) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one (1) year.

Moreover, even if the oral agreement is subject to the statute, it is arguable that Mr. Marlow's signed affidavit which affirms their agreement is sufficient to meet the statutory requirement.

As to the second issue, even if the six-year statute would be applicable, there is no showing when the cause of action accrued and the six-year statute began to run.

In light of the foregoing and the orders entered by the Trial Court and affidavits of Michael Hatmaker and Mr. Marlow, we believe this is an appropriate case for affirmance under Rule 10(b) of this Court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Willie Marlow[1] and his surety.

---

[1]    Mrs. Marlow did not file a notice of appeal.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE